IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-933

Filed: 19 January 2016

Mecklenburg County, Nos. 14 JA 820-23, 13 JA 359

IN THE MATTER OF:

Q.A., J.A., M.A., S.G., T.G.

Appeal by respondent-mother from order entered 13 May 2015 by Judge Rickye McKoy-Mitchell in Mecklenburg County District Court. Heard in the Court of Appeals 16 December 2015.

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Joyce L. Terres, for respondent-appellant mother.*

*Kathleen A. Jackson for petitioner-appellee Mecklenburg County Department of Social Services, Youth and Family Services.*

*Melanie Stewart Cranford for guardian ad litem.*

ELMORE, Judge.

The trial court erred in (1) adjudicating the two girls, but not the three boys, neglected juveniles, despite the parties' stipulations to the same facts regarding the living conditions and other pertinent characteristics experienced by all five children, and (2) subsequently dismissing the petition regarding the boys.

## I. Background

In October 2014, the Mecklenburg County Department of Social Services Youth and Family Services Division (YFS) received a report regarding juveniles Quinn, Mark, John, Sophia, and Tori.[1] Their mother (respondent) had gone to New York two weeks prior, leaving them in the care of their grandmother. The grandmother, however, was unable to adequately care for the children. In November 2014, she moved from a hotel into a transitional home. By 10 December 2014, the home was without heat, had no working plumbing in the bathrooms, and no hot water. They lost electricity two days later. On 13 December 2014, they were evicted from the transitional home.

On 15 December 2014, YFS filed a petition alleging the children to be neglected and dependent. The petition listed three parents for the juveniles: C.B., father of Sophia and Tori, M.A., Sr., father of Quinn, John, and Mark, and respondent, mother of all five children. The petition contained no known address for respondent or M.A., Sr.; C.B. was incarcerated in Virginia.

On 1 April 2015, the trial court held a nonsecure custody hearing for the benefit of M.A., Sr., followed by adjudication and disposition hearings. M.A., Sr. was present, C.B. appeared via telephone, and respondent was absent. During the nonsecure custody hearing, the trial court denied M.A., Sr.'s request for a dismissal of the

---

[1] We use these pseudonyms to protect the identity of the minor children.

nonsecure custody order so that Quinn, John, and Mark could be temporarily placed with him.

During the adjudication hearing, the petition was read into the record. Attorneys for respondent and C.B. had stipulated to the submission of the verified petition for purposes of adjudication. M.A., Sr.'s attorney stipulated to those portions of the petition addressing the children's circumstances prior to the filing of the petition, but denied those portions addressing YFS's unsuccessful efforts to locate him, his unknown whereabouts, and having no relatives capable of providing for the children. M.A., Sr. also testified at the hearing, responding affirmatively to questions from his attorney that YFS had been in contact with him a number of times over the years and that he gave them his address "years ago."

At the close of the evidence, the trial court adjudicated Tori and Sophia neglected and dependent juveniles, but did not enter an adjudication as to Quinn, John, or Mark. In its written order, the trial court concluded that Tori and Sophia were neglected and dependent and that it was in their best interest to "remain in the legal custody of YFS . . . with/in appropriate placement." The court further concluded that it was in the best interest of Quinn, John, and Mark "to be returned to father, [M.A., Sr.], where he/she will receive proper care and supervision . . . ." The court then ordered the petition for Quinn, John, and Mark be dismissed, and that they "be returned to [M.A., Sr]."

Respondent appeals from the trial court's adjudication and disposition order entered 13 May 2015.

## II. Discussion

Respondent argues that the trial court erred in adjudicating Tori and Sophia neglected, but not Quinn, John, and Mark, because the pertinent circumstances surrounding all five children were the same. We agree.

"The role of this Court in reviewing a trial court's adjudication of neglect and abuse is to determine '(1) whether the findings of fact are supported by "clear and convincing evidence," and (2) whether the legal conclusions are supported by the findings of fact[.]' " *In re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (quoting *In re Gleisner*, 141 N.C. App. 475, 480, 539 S.E.2d 362, 365 (2000)), *aff'd as modified*, 362 N.C. 446, 665 S.E.2d 54 (2008). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id.*

The Juvenile Code defines a "neglected juvenile" as one

> who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.

N.C. Gen. Stat. § 7B-101(15) (2013). "In determining whether a child is neglected, the determinative factors are the circumstances and conditions surrounding the child, not the fault or culpability of the parent." *In re Montgomery*, 311 N.C. 101, 109, 316 S.E.2d 246, 252 (1984).

The trial court, in considering the stipulated facts in the petition, had evidence that the children lived in an injurious environment. When DSS took nonsecure custody of the children, all five were in the care of their grandmother, having no home, no electricity, no plumbing, and no food. Neglect, the determination based upon the factors surrounding a child, was the same for all five children. The trial court did find that the boys' father was "willing to take placement of his children and would have been a resource if contact was made with him prior to the children coming into custody." Regardless of whether the evidence supports this finding, however, the availability of the boys' father in this case, while relevant to an adjudication of dependency, has no bearing on an adjudication of neglect. On these facts, the trial court could not have found that some of the children were neglected while others were not. Accordingly, we reverse and remand this matter to the trial court to enter a proper adjudication order, to wit, an order adjudicating the three boys, as well as the girls, neglected juveniles.

In addition, because the district court's erroneous adjudication directly resulted in the court's dismissal of the petition regarding the boys, we vacate that

portion of the order. A dispositional hearing must follow the adjudication of a juvenile as abused, neglected, or dependent. *See* N.C. Gen. Stat. § 7B-901(a) (2013) ("The dispositional hearing shall take place immediately following the adjudicatory hearing . . . ."). Thus, on remand the district court retains jurisdiction both to properly adjudicate the boys as neglected juveniles and to enter an appropriate disposition order for the three boys.

### III. Conclusion

In conclusion, we remand to the district court for (1) a proper adjudication of the boys and (2) entry of an appropriate disposition regarding the boys based thereupon.

REVERSED IN PART; VACATED IN PART; AND REMANDED.

Judges GEER and STEPHENS concur.